UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILMER F. TREMBLE, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION G-11-160 |
| | § | |
| WELLS FARGO HOME MORTGAGE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo"). Dkt. 13. Also pending before the court are plaintiffs Wilmer F. Tremble and Roda Tremble's (collectively "Plaintiffs") objection to affidavit evidence, which is contained within their response to Wells Fargo's motion for summary judgment. Dkt. 14. After reviewing the motions, responses, replies, other relevant filings by the parties, and the applicable law, the court is of the opinion that Plaintiffs' objection to summary judgment evidence (Dkt. 14) should be OVERRULED, and Wells Fargo's motion for summary judgment (Dkt. 13) should be GRANTED.

### I. BACKGROUND

Plaintiffs complain that Wells Fargo wrongfully declared their mortgage in default, accelerated their promissory note, and engaged in an unlawful deed of trust sale. Dkt. 1.

On November 6, 2002, Plaintiffs obtained a loan from Wells Fargo Home Mortgage, Inc. in the amount of $121,599.00 to finance the purchase of real property located at 3615 Sheldon Drive, Pearland, Brazoria County, Texas 77584 ("Property"). Dkt. 13, Exh. A. Under the terms of the promissory note securing the loan, Plaintiffs agreed to make monthly payment in the amount of

$758.62. Dkt. 13, Exh. A. If the promissory note was not paid, the mortgage would go into default. Dkt 13, Exh. A. To secure the promissory note, Plaintiffs executed a deed of trust identifying themselves as the borrowers and Wells Fargo as the lender. Dkt. 13, Exh. B at 1. In the event of Plaintiffs' default on the promissory note, the deed of trust empowered Wells Fargo, after providing notice of default and notice of deed of trust sale, to authorize a trustee, designated by Wells Fargo, to sell the Property to the highest bidder in cash at a trustee sale. Dkt. 13, Exh. B at 13. The deed of trust also empowered Wells Fargo to remove or substitute a trustee at its discretion. *Id.*

Over the nine year course of the loan, Plaintiffs repeatedly failed to make timely payments on their home mortgage. Dkt. 13, Exhs. C, E. As a result, Plaintiffs' loan repeatedly fell into default. *Id*. In an attempt to remedy this problem, Plaintiffs and Wells Fargo engaged in two loan modifications. *Id*. The first loan modification occurred in August 2006, and the second modification occurred in July 2008. Dkt. 13, Exhs. C at 4, E at 44–51. Following each modification, Plaintiffs failed to make timely payments and again defaulted on their home mortgage loan. Dkt. 13, Exh. C at 2-6.

In December 2008, Wells Fargo sent Plaintiffs a notice of default. *Id.* At this point, Plaintiffs requested a third loan modification, and Wells Fargo agreed to consider this request. Dkt. 13, Exh. S at 32. On April 26, 2009, Wells Fargo sent Plaintiffs yet another notice of default with intent to accelerate showing a total loan delinquency of $8,194.70. Dkt. 13, Exh. H. On July 16, 2009, Wells Fargo appointed C. Gilson as substitute trustee to the deed of trust. Dkt. 13, Exh. F. On October 22, 2009, Wells Fargo determined that a third modification would not be allowed and denied Plaintiffs' request for loan modification. Dkt. 13, Exhs. C at 5, S at 32.

With modification no longer an option, Plaintiffs filed for bankruptcy on December 1, 2009. Dkt. 13, Exh. I. Plaintiffs' bankruptcy filing resulted in an automatic stay of the deed of trust sale proceedings. *See* 11 U.S.C. § 362(a)(3) (2006). Plaintiffs' bankruptcy was dismissed on February 2, 2010, for failure to pay their bankruptcy trustee's fee and for failure to meet with their creditors. Dkt. 13, Exhs. J, K.

On March 9, 2010, Wells Fargo, through its mortgage servicer, sent notice by certified mail to Plaintiffs of its intent to conduct a deed of trust sale and notice of sale by substitute trustee to occur on April 6, 2010. Dkt. 15, Exh. V–1–6. On April 6, 2010, Gilson as substitute trustee sold the Property to Federal Home Loan Mortgage Corporation for $98,138.00. Dkt. 13, Exh. M. Plaintiffs were notified of the Property sale the next day and requested that the sale be rescinded. Dkt. 13, Exh. U. On April 8, 2010, Wells Fargo started the eviction process. *Id.*

On May 7, 2010, Plaintiffs again filed for bankruptcy, which resulted in an automatic stay of the eviction proceedings. Dkt. 13, Exh. N.; *see* 11 U.S.C. § 362(a)(3). However, Federal Home Mortgage Corporation requested relief from the automatic stay to pursue eviction proceedings, and the bankruptcy court granted that request on July 9, 2010. Dkt. 13, Exh. P. Subsequently, on August 6, 2010, the bankruptcy court dismissed Plaintiffs' case. *Id.*

On February 23, 2011, Plaintiffs filed suit against Wells Fargo in the 412th Judicial District of Brazoria County, Texas. Dkt. 1. Wells Fargo filed a timely notice of removal and the case was removed to this court. *Id.* In their original petition, Plaintiffs allege that Wells Fargo wrongfully declared their mortgage in default, accelerated their promissory note, and engaged in an unlawful deed of trust sale. *Id*. Plaintiffs request that this court declare the substitute trustee sale unlawful and revoke the sale of the Property. *Id*.

Plaintiffs base their claims on an allegation that Wells Fargo failed to provide them with timely notice of default and notice of deed of trust sale as required by Texas Property Code section 51.002(b) and (d). TEX. PROP. CODE. ANN. § 51.002(b), (d) (West Supp. 2010); Dkt. 1. Plaintiffs further allege that, by engaging in multiple loan modifications and accepting late or partial payments, Wells Fargo led them to believe that it would continue to engage in such a practice. Thus, according to the Plaintiffs, the deed of trust sale was invalid because Wells Fargo failed to provide the Plaintiffs with additional notice that it would no longer accept late or partial payments or modify the loan before initiating deed of trust sale proceedings. Dkt 1. In addition, Plaintiffs allege that Wells Fargo had no authority to appoint a substitute trustee to oversee the trustee sale. Dkt. 1.

Wells Fargo moved for summary judgment on all of the Plaintiffs' claims on May 20, 2011. Dkt. 13. Plaintiffs filed a response and an objection to the affidavit testimony of Kyle N. Campbell which Wells Fargo submitted in support of its motion for summary judgment. Dkt. 14. Wells Fargo filed a reply in support of the motion for summary judgment and a response to evidentiary objections on June 15, 2011. Dkt. 15. The motions are now ripe for determination.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up*

4

*Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch.*

5

*Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

#### A. Notice of default and notice of trustee sale

Under Texas law, in order for a trustee to sell real property, the trustee must comply with the notice requirements set forth in the deed of trust and the Texas Property Code. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983); *Nat'l Commerce Bank v. Stiehl*, 866 S.W.2d 706, 708 (Tex. App.—Houston [1st Dist.] 1993, no writ). Under Texas Property Code section 51.002(b) and (d), a lender must provide a debtor with both a default notice and a notice of trustee sale before proceeding with a trustee sale. TEX. PROP. CODE. ANN § 51.002(b), (d) (West Supp. 2010). As to the default notice, the Property Code states:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . with written notice by certified mail stating that the debtor is in default under the deed of trust and giving the debtor at least 20 days to cure the default before notice of sale can be given under [subsection (b)]. . . .

§ 51.002(d). Property Code section 51.002(b), which concerns the notice of trustee sale, states:

> [N]otice of the sale . . . must be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail to each debtor who . . . is obligated to pay the debt . . . .

§ 51.002(b). The purpose of the statutory notice requirement is to provide a minimum level of protection for the debtor by providing constructive notice of the impending deed of trust sale. *Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App—Houston [1st Dist.] 1993, writ denied). There is no requirement that the debtor actually receive the notices. *Kainer v. ABMC Corp.*, No. 01-05-00338-CV, 2006 WL 407794, at * 5 (Tex. App.—Houston [1st Dist.] Feb. 23, 2006, no pet.) (mem. op.).

In the case at bar, the terms of the deed of trust go beyond the twenty days required by Property Code section 51.002(d) and require a period of at least a thirty days between the mailing of the default notice and the notice of trustee sale. Dkt 13, Exh. B at 13.

In support of its motion for summary judgment, Wells Fargo submits evidence demonstrating that it complied with the deed of trust and statutory notice requirements. Dkt. 13, Exh. H; Dkt. 15, Exh. V. Wells Fargo mailed the notice of default to Plaintiffs on April 26, 2009. Dkt. 13, Exh. H. During the interim period of December 1, 2009 to February 2, 2010, Plaintiffs were under bankruptcy protection, which resulted in an automatic stay of any deed of trust sale proceedings. After Plaintiffs emerged from bankruptcy, Wells Fargo sent the notice of trustee sale on March 9, 2010. Dkt. 13, Exh. L; Dkt. 15, Ex. V. Wells Fargo has attached copies of the notice of trustee sale letters and certified mail receipts showing that the letters were sent to the Plaintiffs at the Property address on March 9, 2010. Dkt. 15, Ex. V. Because the time period between the mailing of the two notices was well beyond thirty days, Wells Fargo has demonstrated that it complied with the notice

requirements of both the deed of trust and Property Code section 51.002(d). As Wells Fargo mailed the notice of trustee sale on March 9, 2010, and the trustee sale took place on April 6, 2010, Wells Fargo complied with twenty-one day time period between the mailing of the notice of trustee sale and the trustee sale required by Property Code section 51.002(b).

In their initial complaint and response to the motion for summary judgment, Plaintiffs argue that the notice requirements should have been reset after the dismissal of their bankruptcy case. Dkt. 1; Dkt. 14. Plaintiffs cite to no authority for support of the proposition that a bankruptcy proceeding automatically resets the deed of trust notice timetable. Moreover, Texas courts have expressly held that notice requirements *do not* automatically reset in the event that the notice of default is sent before a debtor files for bankruptcy and the notice of trustee sale is mailed after the bankruptcy is dismissed. *Fitzgerald v. Harry*, No. 2-02-330-CV, 2003 WL 22147557, * at 4 (Tex. App.—Fort Worth Sept. 18, 2003, no pet.) (mem. op.) (citing *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 31 (Tex. App.–Dallas 1992, no writ) (approving creditor's action of proceeding with foreclosure immediately upon dismissal of bankruptcy petition without making any further demand upon debtor)). The only case that this court has found that required a second default notice to be sent after a bankruptcy dismissal is distinguishable. In *Rodriguez v. Padin*, because the debtor made some mortgage payments to the bankruptcy trustee during the bankruptcy proceeding, the court held that a reset in the mortgage notice timetable was required. *Rodriguez v. Padin*, No. 08-01-0067-CV, 2002 WL 1965323, at *2 (Tex. App.—El Paso Aug. 26, 2002, no pet.) (not designated for publication). Unlike *Rodriguez,* Plaintiffs have submitted no evidence that they made any mortgage payments during the bankruptcy proceedings. Therefore, the court finds that there is no genuine issue of material fact as to whether Wells Fargo met its notice requirements under the deed of trust

and the Texas Property Code. Wells Fargo's motion for summary judgment is GRANTED on this issue.

## B. Permissive loan relationship and additional notice

In their petition, Plaintiffs contend that because in the past Wells Fargo engaged in modifications of their home loan and accepted late or partial payments, in addition to complying with the notice requirements in section 51.002 and the deed of trust, Wells Fargo was obligated to provide notice before initiating the trustee sale process specifically informing them that Wells Fargo would no longer accept late or partial payments or modify the loan. Dkt. 1. In its motion for summary judgment, Wells Fargo points out that Plaintiffs have presented no law, contractual provision, or any authority whatsoever in support of this contention. Dkt. 13 at 12. Plaintiffs completely fail to address this issue in their response to the Wells Fargo's motion for summary judgment, and the court has found only one case that addresses this issue. In *Lambert v. First National Bank of Bowie*, the Fort Worth Court of Appeals held that a prior permissive relationship did *not* impose any duty upon a lender to provide additional notice beyond that required by Property Code section 51.002. *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied). The loan agreements between Wells Fargo and Plaintiffs contain no provision requiring Wells Fargo to notify Plaintiffs that it would no longer accept late or partial payments or would no longer modify the loan before initiating the deed of trust sale process. Dkt. 13, Exhs. A, B. Therefore, the court finds that there is no genuine issue of material fact on the issue of whether additional notice was required before the initiation of deed of trust sale proceedings. Wells Fargo's motion for summary judgment is GRANTED on this issue.

**C. Validity of the appointment of a substitute trustee**

Plaintiffs' final claim is that Wells Fargo had no authority to appoint a substitute trustee apparently because Wells Fargo, N.A. rather than Wells Fargo Home Mortgage, Inc. (the original loan servicer), appointed the substitute trustee. Dkt. 1. However, under Texas statutory law, "[n]otwithstanding the terms of any agreement, a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee to succeed to all title, powers, and duties of the original trustee." Tex. Prop. Code Ann. § 51.0075(c) (West Supp. 2010). The deed of trust authorized Wells Fargo to make a change to the loan servicer either by sale or at its option. Dkt. 13, Exh. B at 11-12. Wells Fargo submitted evidence that Wells Fargo, N.A. replaced Wells Fargo Home Mortgage, Inc. as the mortgage servicer to the loan and that Plaintiffs had notice of the change. Dkt. 13, Exhs. H, L, U, V. Moreover, the affidavit of Kyle N. Campbell states:

> Wells Fargo Bank, N.A. is the successor by way of merger to Wells Fargo Home Mortgage, Inc. The duties and responsibilities that were once performed by Wells Fargo Home Mortgage, Inc. are now performed by Wells Fargo Home Mortgage–a subsidiary of Wells Fargo Bank, N.A.

Dkt. 13, Exh. U. The terms of the deed of trust empowered Wells Fargo's mortgage servicer to appoint a substitute trustee at its option. Dkt. 13, Exh. B at 13. Gilson was appointed by Wells Fargo, N.A. as an authorized substitute trustee on August 3, 2009. Dkt. 13, Exh. F.

In their response to Wells Fargo's motion for summary judgment, Plaintiffs argue that the appointment was invalid because Wells Fargo, N.A. did not have the authority to appoint a substitute trustee because it was not a valid loan servicer, but they present no evidence in support of this assertion. Dkt. 14. As the Plaintiffs fail to set out specific facts showing a genuine issue of material fact for trial, the court finds that there is no genuine issue of material fact as to the validity of the

10

appointment of the substitute trustee. Wells Fargo's motion for summary judgment is GRANTED on this issue.

**D. Objection to affidavit testimony**

Plaintiffs object to the affidavit testimony of Kyle N. Campbell. Dkt. 14. Specifically, Plaintiffs object to the portion of the affidavit where Campbell states:

> Wells Fargo Bank, N.A. is the successor by way of merger to Wells Fargo Home Mortgage, Inc. The duties and responsibilities that were once performed by Wells Fargo Home Mortgage, Inc. are now performed by Wells Fargo Home Mortgage–a subsidiary of Wells Fargo Bank, N.A.

Dkt. 13, Exh. U. Plaintiffs seize on this point in an attempt to show that Wells Fargo, N.A. was not a validly appointed loan servicer with the power to appoint Gilson as a substitute trustee.[1]

An affidavit submitted as summary judgment evidence "must be made on personal knowledge, set out facts that would be admissible evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). Personal knowledge and competence to testify may be reasonably inferred from an individual's position within a corporation and the nature of his participation in matters. *Directv, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005); *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 544 n.13 (5th Cir. 2002), *overruled on other grounds*, 589 F.3d 778, 788 n.8 (5th Cir. 2005). Campbell is a default litigation specialist for Wells Fargo Bank, N.A., and he stated that all information contained within the affidavit was true, correct, and within his personal knowledge. Dkt. 13, Exh. U. By the nature of his position within the

---

[1] However, Plaintiffs fail to address the fact that even if Campbell's affidavit was striken there is additional summary judgment evidence, which shows that Wells Fargo, N.A. was a validly appointed loan servicer with the power to appoint Gilson as substitute trustee. *See* Exhs. B, H, L, V.

11

corporation, Campbell is competent to testify to the manner in which his corporation acquired the loans that he now manages. Therefore, the Plaintiffs' objection to Campbell's affidavit is OVERRULED.

### IV. CONCLUSION

Plaintiffs' objection to summary judgment evidence is **OVERRULED**. Wells Fargo's motion for summary judgment (Dkt. 13) is **GRANTED** in full. This case is **DISMISSED WITH PREJUDICE.**

It is so ORDERED.

Signed at Houston, Texas on July 20, 2011.

_____
Gray H. Miller
United States District Judge